IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SMA, L.L.C. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-1150-SMY-RJD |
| | ) |
| SELECTIVE INSURANCE COMPANY | ) |
| OF AMERICA and JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("it is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case"). For the following reasons, this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.

Plaintiff SMA, L.L.C. filed suit against Defendants Selective Insurance Company of America ("SICA") and John Doe alleging the defendants negligently failed to properly inspect Plaintiff's property for hail damage (Doc. 1-1). SICA removed this action from the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois on October 18, 2016 (Doc. 1). Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441. Courts have original jurisdiction of civil actions if there is

complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). The removal statute is construed narrowly and any doubts regarding jurisdiction are resolved in favor of remand. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction falls on the party seeking removal. *Id.*

In this case, SICA failed to properly allege the citizenship of Plaintiff, a limited liability company. For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of **each of its members**. *Hukic v. Aurora Loan Services*, 588 F.3d 420, 427 (7th Cir. 2009); *Thomas v. Guardsmark*, LLC, 487 F.3d 531, 534 (7th Cir. 2007); *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). "If even one investor in an LP or LLC has the same citizenship as any party on the other side of the litigation, complete diversity is missing and the suit must be dismissed." *White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011). SICA's notice of removal is devoid of any information regarding the citizenship of Plaintiff's members.

In addition, SICA fails to allege the citizenship of Defendant John Doe. Instead, SICA asserts that the citizenship of an unknown defendant should be ignored under 28 U.S.C. § 1441(b)(1). However, when a plaintiff's allegations "give a definite clue about the identity of a fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious defendant." *Sousa v. AstraZeneca Pharm.*

*Inc.*, 2010 WL3834013 (N.D. Ill. 2010) citing *Tompkins v. Lowe's Home Ctr.,* Inc., 847 F.Supp. 462, 464 (E.D. La. 1994); *Likens v. Menard, Inc.,* 2015 WL 3961635, at *2 (N.D. Ill. 2015).

Here, Plaintiff alleges in its Complaint that John Doe is an individual who it believes resides in Illinois and is and/or was an employee and/or agent of SICA. John Doe's failure to properly inspect Plaintiff's property played a significant part in the events giving rise to Plaintiff's lawsuit. As such, the Court rejects SICA's argument that the citizenship of Defendant John Doe should be ignored.

Finally, SICA has made jurisdictional allegations based upon information and belief. It is well settled in the Seventh Circuit that jurisdictional allegations based upon information and belief are insufficient to establish federal subject matter jurisdiction. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam).

For the foregoing reasons, this Court does not have proper subject matter jurisdiction over this case and is obligated, pursuant to 28 U.S.C. § 1447(c), to **REMAND** the matter back to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. The Clerk of Court is **DIRECTED** to close this case and all pending motions are terminated as **MOOT**.

**IT IS SO ORDERED.**

**DATED: November 10, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**